

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 16 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SERGIO PEREZ,                    §
                                 §
            Petitioner,          §
                                 §
VS.                              §    NO. 4:10-CV-108-A
                                 §
UNITED STATES OF AMERICA,        §
                                 §
            Respondent.          §

MEMORANDUM OPINION
and
ORDER

On December 28, 2009, petitioner, Sergio Perez ("Perez"),
filed a document in his criminal case titled "Motion for Return
of Property, Taken Improperly, and Illegally Seized Without a
Hearing," pursuant to Rule 41(e) of the Federal Rules of Criminal
Procedure.[1]  Because Perez's criminal case had ended, the court
construed the motion as a civil action.  See Bailey v. United
States, 508 F.3d 736, 738 (5th Cir. 2007); Peña v. United States,
122 F.3d 3, 5 (5th Cir. 1997).  The government has responded to
Perez's motion and moves to dismiss the action pursuant to Rules
12(b)(1) and (6) of the Federal Rules of Civil Procedure.  Having
reviewed Perez's motion, the response and motion to dismiss filed
by the government, and applicable legal authorities, the court
concludes that the government's motion should be granted and that
Perez's motion should be denied.

---

[1]Due to revisions to Rule 41 of the Federal Rules of Criminal Procedure, the applicable
subsection is now 41(g).

I.

Factual Background

The following facts, taken from the supporting appendix to
the government's motion and the papers on file in Perez's
criminal case, are undisputed:

On December 1, 2008, special agents of the Drug Enforcement
Administration ("DEA") obtained written consent from Ana Ortiz to
search the residence located at 513 Denise Street, Saginaw,
Texas.  While searching that location, the agents found and
seized $10,000.00 in United States currency, one 2003 Ford
Mustang, and one Smith & Wesson pistol.

Perez was arrested the following day and subsequently
charged in a one-count indictment with conspiracy to distribute a
controlled substance, in violation of 21 U.S.C. § 846.  He later
pleaded guilty as charged and was sentenced by the court to a
term of imprisonment of 235 months.

While Perez's criminal case was pending, the DEA initiated
administrative forfeiture proceedings for the $10,000.00, the
Mustang, and the pistol.  Using certified mail, return receipt
requested, the DEA sent written notice of the seizure and
proposed forfeiture of each item to Perez at 513 Denise Street
and at Mansfield Law Enforcement Center.  The DEA also sent
notices to Perez in care of Richard Alley, an attorney retained
by Perez to represent him in his criminal case.  The DEA received
confirmation that the notices were delivered, with the exception
of the notices sent to 513 Denise Street regarding the Mustang

2

and the pistol, which were returned marked "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD."  The DEA also published notice of the seizures and intended forfeitures in the <u>Wall Street Journal</u> on January 12, 2009, January 20, 2009, and January 26, 2009.

Perez did not file a claim of ownership to any of the seized items.  As a result, the DEA declared them forfeited to the United States in March and April of 2009.

II.

### Grounds of the Motions

In his motion, Perez argues that he is entitled to have the seized items[2] returned because the seizure of the items violated due process, the items were not used as evidence in his criminal case, the items were not proceeds of drug transactions, the government did not have probable cause to initiate forfeiture proceedings, and the government unreasonably delayed bringing a forfeiture action.  The government counters that Perez's motion should be dismissed because the court lacks jurisdiction to consider substantive attacks on the forfeitures and because the forfeitures complied with the relevant statutory requirements and due process.

---

[2]Perez identifies only the $10,000.00 and the pistol as having been seized.

3

III.

Analysis

A.   Applicable Legal Standard

Although the government's motion to dismiss invokes Rule 12(b) of the Federal Rules of Civil Procedure, the motion is properly considered as a motion for summary judgment.  See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000) (stating that district court's denial of a plaintiff's motion for return of property is treated as a grant of summary judgment in favor of the government).  A party is entitled to summary judgment if the evidence in the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

B.   Procedures Governing Administrative Forfeiture and Related Legal Principles

Federal law authorizes the civil forfeiture of drug trafficking proceeds and certain other items used in connection with drug trafficking.  See 21 U.S.C. § 881(a); United States v. Robinson, 434 F.3d 357, 362 (5th Cir. 2005).  There are two types of civil forfeiture: administrative and judicial.  The government may use administrative forfeiture when the property to be forfeited has a value under $500,000.000.  19 U.S.C. § 1607(a); Robinson, 434 F.3d at 362.  To effect an administrative forfeiture, the seizing agency must publish notice of the seizure and proposed forfeiture for three successive weeks and must send "written notice of seizure, together with information on the

4

applicable procedures . . . to each party who appears to have an interest in the seized article." § 1607(a); Robinson, 434 F.3d at 362.

A party has twenty days after the date notice is first published to file a claim to the property. § 1608; Robinson, 434 F.3d at 362. If a claim is filed, the administrative forfeiture proceedings cease and the government is forced to pursue judicial forfeiture instead. § 1608; Robinson, 434 F.3d at 362. "If no claim is filed, the property is summarily forfeited to the government." Robinson, 434 F.3d at 362; § 1609.

Once an administrative forfeiture is concluded, a district court "lack[s] jurisdiction to review the forfeiture except for failure to comply with procedural requirements or to comport with due process." United States v. Schinnell, 80 F.3d 1064, 1069 (5th Cir. 1996) (citing cases). To show that the forfeitures comported with due process, the government must show that the notice sent was "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture proceeding] and afford them an opportunity to present their objections.'" Dusenbery v. United States, 534 U.S. 161, 168 (2002) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 319 (1950)). However, the government need not show that notice actually reached the interested parties. Id. at 169-72.

C.   Application of Law to Facts

The government has provided evidence that the items Perez seeks to reclaim have already been forfeited.  Consequently, the court lacks jurisdiction to consider Perez's arguments that the items were seized illegally or that they were not subject to forfeiture.  Schinnell, 80 F.3d at 1069.  Had Perez desired to mount a substantive challenge to the seizures and proposed forfeitures, he should have filed a claim of ownership to the items within twenty days of the date that notice of the seizures was first published.  §§ 1608-09; Schinnell, 80 F.3d at 1069 n.7. Filing a claim would have forced the government to initiate judicial forfeiture proceedings in which Perez could have asserted the claims he tries to raise now.

The court is thus limited to deciding whether the forfeitures met the relevant procedural requirements and comported with due process.  Schinnell, 80 F.3d at 1069.  Notice of the seizures and proposed forfeitures was published in the Wall Street Journal once a week for three consecutive weeks, as required by § 1607(a).  Notice was also sent to Perez at his place of confinement and was received at that location.  Perez does not allege, much less prove, that the mail delivery procedures at Mansfield Law Enforcement Center were somehow inadequate.  Therefore, the notice sent to Perez at Mansfield Law Enforcement Center was reasonably calculated, under the circumstances to apprise Perez of the forfeiture proceedings. Bailey, 508 F.3d at 739; Sandoval-Hernandez v. United States, No.

6

3:02-CR-396-M, 2007 WL 707338 (N.D. Tex. Mar. 8, 2007).  The government is therefore entitled to judgment as a matter of law.

IV.

Order

Consistent with the foregoing,

The court ORDERS that Perez's "Motion for Return of Property, Taken Improperly, and Illegally Seized Without a Hearing" be, and is hereby, dismissed.

SIGNED April 16, 2010.

JOHN McBRYDE
United States District Judge

7